## J. GARVIN v. R. GARVIN.

1. A refusal by the Circuit judge to continue a case is not error of law appealable to this court.
2. The purchaser of the judgment debtor's lands under execution in the case of *R. Garvin* v. *J. Garvin, ante,* 83, is entitled to recover the same from such debtor.

Before PRESSLEY, J., Aiken, February, 1883.

This case is supplemental to the case of *R. Garvin* v. *J. Garvin*, next case *ante*, p. 83, and the two were heard together in this court. The opinion sufficiently states the case.

*Mr. P. A. Emanuel*, for appellant.

*Messrs. Croft & Dunlap* and *Henderson Bros.*, contra.

April 3d, 1884. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. This was an action for possession of a tract of land, containing 640 acres, being the homestead tract of Robert Garvin, the defendant, which had been sold by M. T. Holley, sheriff of Aiken county, and by him conveyed as No. 4 in the deed to plaintiff, John Garvin, of date January 7, 1878. This tract of land, with others, was sold under the judgment and execution considered in the opinion of this court, just pronounced in the case of *Robert Garvin* v. *John Garvin*, next case *ante*.

Both that case and this were heard at the same term of the court, but that of Robert to vacate the execution first in order. In that case the Circuit judge refused the motion, but notice of appeal was given. When this case was reached a motion was made for a continuance, on the ground that it could not be properly tried until after a final determination of the motion to set aside the execution under which the sale was made. The judge, considering all the facts which appeared in the former motion as before him in this, refused to continue the case and submitted it to the jury. Under the charge they found for the plaintiff the land in dispute and two hundred dollars damages.

The defendant appeals to this court upon the following exceptions : "1. That his honor erred in refusing to continue the case, inasmuch as the defendant was entitled to have his motion decided by the Supreme Court upon appeal relating to setting aside the executions upon which the plaintiff's title depended, he having shown by affidavit his intent to appeal, and being unable to attack the execution for irregularity in a collateral manner

under the decisions of this state.   2. That his honor erred in not charging the jury that the executions upon which the title of plaintiff depended were irregular, and that the defendant is entitled to have the motion fully decided before the hearing of issues therein.    3. That his honor erred in deciding that the executions upon which the plaintiff's title depended are not void, but sufficient to sustain the title of the plaintiff, notwithstanding the motion made."

In reference to the first ground of appeal, this court has often ruled, that refusal to continue a case is not error of law appealable to the Supreme Court, but that it is one of those matters which arise in the progress of a case, and must, from necessity, be left to the wise and prudent discretion of the Circuit judge.

The court is always reluctant to disturb vested rights.    The appellant's counsel frankly states that "the agreement of counsel is that the exceptions state the judge's charge, and that the brief now before the court on appeal relating to the motion shall constitute the case herein, except as to the charge and exceptions. We may say that the entire case hinges upon the result of that motion.    If decided against appellant, we have no case.    If decided for him, then this appeal must prevail."

This is a correct statement of the relation of the cases to each other; and having affirmed the judgment below in the case of *Robert Garvin* v. *John Garvin*, it follows that the result must be the same in this.

The judgment of this court is that the judgment of the Circuit Court be affirmed.